Filed 8/3/22  P. v. Brown CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B317776 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA020150) |
| v. | |
| TABATHA BROWN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Alex Green, under appointment by the Court of Appeal; Tabatha Brown, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Tabatha Brown was convicted in 1996 following a jury trial of the first degree murder of Ruby Chong with a felony-murder special-circumstance finding and conspiracy to commit murder. We affirmed the convictions on appeal. (*People v. Brown* (July 15, 1997, B102674) [nonpub. opn.].)

On March 29, 2019 Brown, representing herself, filed a petition for resentencing pursuant to Penal Code former section 1170.95 (now section 1172.6).[1] The superior court denied the petition after appointing counsel for Brown and receiving briefing from the prosecutor and Brown's appointed counsel, finding Brown ineligible for resentencing as a matter of law because the jury finding that she had conspired to murder Chong necessarily meant she had acted with express malice.

No arguable issues relating to this order have been identified following review of the record by Brown's appointed appellate counsel or by Brown in her supplemental letter brief to this court. We also have identified no arguable issues after our own independent review of the record. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidence presented at Brown's trial established that Brown was hired in November 1993 by Chong to live with and care for Chong and Delena Deane's 88-year-old mother, Fay Dawson. (The two sisters and their mother lived near each other on the same block.) However, shortly after Brown began working

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

Undesignated statutory references are to the Penal Code.

as Dawson's caregiver, Dawson fell and seriously injured herself. When it became apparent Dawson would never return to her home, Chong terminated Brown's employment, allowing her to stay in Dawson's home through the end of November.

After apparently stealing items from Deane's home while visiting with Deane on the evening of December 1, 1993, Brown, her younger sister, Cindy Brown, and a friend, Kenny Johnson, went to Chong's home on December 2, 1993, where they robbed and killed Chong. Chong's body was discovered the following day: She was in a chair with a rope tightly wound around her neck; her face was scratched and bruised; her chest was cut; and there was a deep gash in her neck.

Brown was convicted following a jury trial of first degree murder (§ 187, subd. (a)) with a true finding the murder had been committed during the commission of a robbery (§ 190.2, subd. (a)(17)). The jury also convicted Brown of first degree robbery (§ 211) and two counts of conspiracy to commit murder (targeting Chong and Deane) (§ 182, subd. (a)(1)). The trial court sentenced Brown to life in prison without the possibility of parole. We affirmed the convictions on appeal and modified the judgment to reflect a stay of the prison term for robbery pursuant to section 654. (*People v. Brown*, *supra*, B102674.)

On March 29, 2019 Brown filed a petition for resentencing pursuant to former section 1170.95, which, as amended effective January 1, 2022, provided for resentencing relief for certain individuals convicted of murder under the felony-murder rule and murder, attempted murder or voluntary manslaughter under the natural and probable consequences doctrine. Brown checked boxes on the printed form petition to establish her eligibility for resentencing relief, including the boxes stating she had been

convicted at trial of first degree murder pursuant to the felony-murder rule, was not the actual killer, and could not now be convicted of first or second degree murder because of changes made to Penal Code sections 188 and 189 by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437).

The prosecutor filed a memorandum opposing the petition on constitutional grounds and also argued Brown was not entitled to relief because Brown "harbored an intent to kill Ruby Chong," and Brown had been a major participant acting with reckless indifference to human life during the robbery of Chong. Brown's appointed counsel filed a reply memorandum that argued a determination whether Brown had been a major participant in the robbery and had acted with reckless disregard for human life required factual findings not properly made at the prima facie stage of the resentencing process, but acknowledged Brown's convictions for conspiracy to commit murder meant the jury had found Brown acted during the crimes with an intent to kill (that is, with express malice).

The superior court denied Brown's petition at a hearing on January 24, 2022, finding she had not made a prima facie showing of eligibility for relief "by reason of the conspiracy to commit murder which does require an intent to kill." Brown filed a timely notice of appeal.

## DISCUSSION

1. *Former Section 1170.95*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to

4

the malice requirement for murder.  (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Lewis* (2021) 11 Cal.5th 952, 957.)  It also authorized, through former section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime.  (See *Lewis*, at p. 957; *Gentile*, at p. 843.)  As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

In determining whether a petitioner has carried the burden of making a prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, it is appropriate to examine the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

2. *Brown's Appeal*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Brown on appeal.  After reviewing the record, appointed counsel filed a brief raising no issues.  Appointed counsel advised Brown on June 6, 2022 that she could submit a brief or letter raising any grounds of appeal, contentions or arguments she wanted the court to consider.  We provided a similar notice the following day.

5

On June 30, 2022 we received a three-page handwritten letter brief in which Brown assumed full responsibility for her role in the crimes for which she was convicted, briefly described her abusive childhood and rehabilitation and growth while in prison, and explained her post-prison goal of creating a nonprofit to work with teenagers and younger children who are on the streets. In a one sentence postscript to her letter Brown stated, without elaboration, "I also fall under [Senate Bill] 775 law, which is under the [Senate Bill] 1437 law too."

Notwithstanding former section 1170.95's provisions for resentencing many individuals convicted of murder, attempted murder or manslaughter on a theory of accomplice liability, a petitioner who aided and abetted murder while acting with express malice remains ineligible for resentencing relief as a matter of law. (See *People v. Gentile, supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought"]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [petitioner is ineligible for relief as a matter of law if the record of conviction establishes he or she was not convicted under a theory of liability affected by the 2019 amendments to the law of murder].)

Here, Brown was convicted of both first degree murder and conspiracy to commit murder. "[A] conviction of conspiracy to commit murder requires a finding of intent to kill, and cannot be based on a theory of implied malice." (*People v. Swain* (1996) 12 Cal.4th 593, 607; see *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 641 ["'all conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree

6

murder'"].)  As such, she is ineligible for resentencing relief as a matter of law.

Because no cognizable legal issues have been raised by Brown's appellate counsel or by Brown or identified in our independent review of the record, the order denying the petition for resentencing is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Brown's petition for resentencing is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

7